Henri Chouteau, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 38300.   Promulgated March 20, 1931.

*H. Chouteau Dyer*, *Esq.*, for the petitioner.
*T. M. Mather*, *Esq.*, for the respondent.

852

854

OPINION.

TRUSSELL: The first issue relates to the petitioner's contention that in 1924 he sustained a deductible loss in the amount of $34,770.

He alleges that that amount represents the value in 1908 of a legacy devised to him by his uncle and that the loss was sustained through the decrease in the value of the property which by 1924 was finally and totally absorbed by the payment of various mortgages on the various parcels of property in which he had an undivided vested interest.

The Revenue Act of 1924 provides:

SEC. 214 (a) In computing net income there shall be allowed as deductions:

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

(6) Losses sustained during the taxable year of property not connected with the trade or business * * * if arising from fires, storms, shipwreck, or other casualty, or from theft, and not compensated for by insurance or otherwise. The basis for determining the amount of the deduction under this paragraph or paragraph (4) or (5) shall be the same as is provided in section 204 for determining the gain or loss from the sale or other disposition of property;

The trust created in 1908 under the will of J. Gilman Chouteau for a period of 10 years until 1918 and then continued until 1924, because all of the encumbrances on the properties constituting the trust could not be liquidated as directed by the will, was an active trust. The trustee was directed to manage, control and dispose of the trust property and apply the proceeds of sales in so far as possible, to the payment and liquidation of encumbrances thereon and he was also directed to collect rents, make repairs, pay insurance, taxes, expenses, etc., and to divide and distribute the net annual income to the extent of $5,000 to certain specified persons, including petitioner, and further to apply any net income in excess of $5,000 to the liquidation of encumbrances until such encumbrances be paid. The real property constituting the trust estate was disposed of at a loss by sale by the trustee and by foreclosure proceedings at various times over a period of years and it is clear that the losses were sustained by the trust, a taxable entity separate and distinct from the taxpayer who is the petitioner in this proceeding. The effect of the losses sustained by the trust was to reduce the income, if any, or the corpus of the trust distributable to petitioner, but it can not be said that in 1924 this petitioner sustained the loss in question in his trade or business; or in any transaction entered into by him for profit, or arising from fires, storms, etc. Cf. *George M. Studebaker et al.*, 2 B. T. A. 1020; *George D. Widener et al.*, 8 B. T. A. 651; and *Cora S. Stern et al.*, 14 B. T. A. 444. The respondent has properly disallowed as a loss the claimed deduction of $34,770 from petitioner's gross income for the taxable year 1924.

The respondent has alleged that he erred in not including in petitioner's gross income for 1925 the amount of $9,889.03 received by petitioner in that year in satisfaction of a judgment in his favor for damages sustained through the breach of an agreement by the Missouri-Lincoln Trust Company from whom petitioner purchased the stock of the International Building Company, whose sole asset was an office building and leasehold. During the negotiations for the said purchase and contrary to the Missouri-Lincoln Trust Company's agreement, two new leases were made for space in the building without the knowledge and consent of the petitioner, who believed that such new leases provided for rentals at less than the reasonable rental value of the space. The respondent contends that petitioner contracted to pay and did pay a certain amount for the stock which he received; that the court decided that he was entitled to receive $9,889.03 in addition thereto as a result of the breach of the agreement; and that such amount constituted income derived from capital. We believe the respondent has become confused as to the reason petitioner was given judgment and the manner in which the jury was instructed to compute the damage. It would seem that because the damage or loss was measured upon the difference between the rentals under the leases and the reasonable rental value of the space, the respondent concludes that the judgment represents a return to petitioner of a loss in rents from the building. However, the petitioner was not entitled to receive rents from the building, which was owned by the International Building Company, a corporation of which petitioner was merely a stockholder. It can not be said that the judgment recovered represented additional rent due for space in the building. The court's instruction to the jury was that the damages assessed should be the sum which petitioner, " *as a stockholder* of the International Building Company," sustained by reason of the making of the new leases and the difference between the rentals required to be paid by the new leases, and the reasonable rental value of the space was merely the basis for determining the amount of the damage.

The petitioner was a capitalist investing in the stock of the International Building Company and prior to making his investment he made a study of the information furnished him as to the tenants of the building, the rental paid by each, the dates of the expiration of the leases, the gross income, and cost of maintenance and operation of the building. He relied upon that information and his belief that rentals could be increased upon the renewal of certain leases about to expire, in determining the amount of $15.33 per share he was willing to invest in the stock in 1920. The market value of the stock was dependent, in a measure, upon the rentals or

returns from the building, which would determine the return upon petitioner's investment, and when the new leases were executed without petitioner's knowledge and consent and in breach of the agreement the value of the stock was decreased, with a resulting loss in or damage to petitioner's capital investment. The judgment in the amount of $9,889.03 recovered in 1925 represented a return of capital and reduced the cost of the stock to petitioner. It did not constitute income within the meaning of the Revenue Act of 1926 and the respondent did not err in failing to include such amount in petitioner's gross income for the year 1925.

The judgment for petitioner in the amount of $9,889.03 was rendered on or about January 10, 1923, and on appeal by the Missouri-Lincoln Trust Company, the judgment was affirmed on or about July 30, 1925. At the same time that the said company paid to petitioner the amount of $9,889.03 in satisfaction of the judgment, it paid interest thereon in the amount of $1,635 from January 10, 1923, to date of payment. The respondent has included that amount in petitioner's gross income for 1925, and the petitioner contends that such amount did not constitute taxable income, but represented a penalty. When petitioner's cause of action was merged into a judgment he became entitled, by statutory law, to interest on the debt of record as compensation for any delay in the payment of the debt by the Missouri-Lincoln Trust Company. *Morley* v. *Lake Shore Railway Co.*, 146 U. S. 162. Section 213 of the Revenue Act of 1924 provides that gross income includes all " interest " except that upon (1) the obligations of a State, Territory or any political subdivision thereof, or the District of Columbia; or (2) securities issued under the Federal Farm Loan Act; or (3) the obligations of the United States or its possessions. We are of the opinion that the amount of $1,635 received by petitioner in 1925 as interest constituted taxable income in that year.

The petitioner has pleaded the statute of limitations in bar of the assessment of any increase in the deficiency for 1925 as asserted by the deficiency notice, but our decision that the $9,889.03 damages recovered did not constitute income obviates the necessity of expressing any opinion on this issue.

*Judgment will be entered for the respondent in the amounts as asserted in the deficiency notice.*